# United States District Court

### for

## Middle District of Tennessee
## Supplemental Petition for Warrant or Summons
## for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 347 ]

Name of Offender: Allison Stegall          Case Number: 3:03-00027-01

Name of Sentencing Judicial Officer: Honorable Aleta A. Trauger, U.S. District Judge

Date of Original Sentence: November 18, 2004

Original Offense: 18 U.S.C. § 1201, Kidnaping for Purpose of Assault and 18 U.S.C.§ 2 , Aiding and Abetting.

Original Sentence: 168 months' custody, followed by 5 years' supervised release.

Type of Supervision: Supervised Release          Date Supervision Commenced: June 17, 2011

Assistant U.S. Attorney: Brent Hannafan          Defense Attorney: Caryll Alpert

---

### PETITIONING THE COURT

- ☐ To issue a Summons.
- ☐ To issue a Warrant.
- ■ To Consider Additional Violation / Information.

---

THE COURT ORDERS:

- ☐ No Action
- ☐ The Issuance of a Warrant:
  - ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
- ☐ The Issuance of a Summons
- ☒ Other  *Additional violation to be considered at Aug. 29, 2013 hearing*

Considered this *22nd* day of
*Aug.* , 2013, and made a part of
the record in the above case.

_____
Honorable Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Lisa A. Capps
Sr. U.S. Probation Officer

Place   Columbia, TN

Date   August 22, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 347, has been amended as follows:

Violation No. 4 has been added detailing the offender's positive drug screen on June 7, 2013.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

**1.**      **The defendant shall participate in a program of drug testing at the direction of the Probation Officer:**

Mr. Stegall failed to report for random urine screens at the U.S. Probation Office, Nashville, Tennessee, on January 17, 2013; February 26, 2013; April 3, 2013; and April 8, 2013.

**2.**      **The defendant shall participate in a program of inpatient or outpatient substance abuse counseling at the direction of the Probation Officer:**

Mr. Stegall has not attended substance abuse counseling at Centerstone, Madison, Tennessee, since January 4, 2013, and has been terminated for non-compliance.

**3.**      **The defendant shall pay restitution to the victim identified in the presentence report in an amount totaling $1,000,300.40. Payments shall be submitted to the United States District Court Clerk's Office, Eighth Floor, 801 Broadway, Nashville, TN, 37203. Restitution is due immediately. If the defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be an unpaid balance when supervision commences, the defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the defendant's gross monthly income. Pursuant to 18 U.S.C. § 3664 (k), the defendant shall notify the Court and United States Attorney of any material change in economic circumstances that might affect ability to pay:**

Mr. Stegall failed to make restitution payments for the months of July 2012, September 2012, October 2012, November 2012, February 2013, and March 2013.

**4.**      **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

On June 7, 2013, Mr. Stegall submitted a urine screen that tested positive for cocaine. Mr. Stegall denied any use of cocaine.

**Compliance with Supervision Conditions and Prior Interventions:**

On January 31, 2012, a 12A petition was submitted notifying the Court of Mr. Stegall's positive urine screen for benzodiazepines on December 23, 2011. It was recommended no action be taken at that time. Said petition was signed by Your Honor on February 3, 2012.

On July 5, 2012, a second 12A petition was submitted notifying the Court of the offender's failure to pay restitution and a positive urine screen for cocaine. It was recommended no action be taken at that time. Said petition was signed by Your Honor on July 23, 2012.

Allison Stegall is a resident of Davidson County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since June 17, 2011. He is not employed, but receives Supplemental Security Income (SSI) in the amount of $543.00 per month. He lives with his daughter in Nashville, Tennessee. The probation officer completes frequent surprise home visits at the offender's residence. Mr. Stegall had been participating in monthly individual counseling for both substance abuse and mental health issues at Centerstone, Madison, Tennessee; however, due to his failure to attend counseling since January 2013, he was terminated for non-compliance, effective May 2, 2013. Mr. Stegall mistakenly believed he had completed counseling, as evidenced in a telephone call with this officer on February 8, 2013. However, after talking with his counselor, it was determined he had not completed counseling, and this officer advised Mr. Stegall of that and directed him to make an appointment with Centerstone.

Mr. Stegall began receiving Social Security Disability income due to his medical condition in November 2011. He has been re-instructed that he is required to pay 10% of his disability income towards restitution every month. Mr. Stegall was also re-instructed as to the conditions of his release, specifically regarding drug testing and not missing random urine screens.

**When questioned about the positive urine screen on June 7, 2013, Mr. Stegall denied using cocaine.**

**U.S. Probation Officer Recommendation:**

**It is respectfully requested that the additional violation be considered at the revocation hearing which is scheduled for August 29, 2013. The U.S. Attorney's Office is agreeable with this recommendation.**

Approved:

Burton Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. ALLISON STEGALL, CASE NO. 3:03-00027-01

**GRADE OF VIOLATION:**      C
**CRIMINAL HISTORY:**      VI

**ORIGINAL OFFENSE DATE:**      **PRE APRIL 30, 2003**      **VCCA PROVISIONS**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | **5 years (Class A Felony)** *18 U.S.C. § 3583(e)(3)* | **8-14 months** U.S.S.G. § 7B1.4(a) | **none** |
| **SUPERVISED RELEASE:** | **5 years less any term of imprisonment** *18 U.S.C. § 3583(h)* | **2-5 years less any term of imprisonment** U.S.S.G.§ 5D1.2(a)(1) | **none** |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection(d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release., 18 U.S.C. § 3583(g)(3). The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). Upon revocation of supervised release, the defendant faces imprisonment of up to five years, pursuant to 18 U.S.C. §3583(e)(3).

**Guideline Policy Statements:** The guidelines set out in Chapter 7 of the United States Sentencing Guideline Manual are advisory. The violations listed above are Grade C violations. Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

Lisa A. Capps
**Sr. U.S. Probation Officer**

Approved:

**Burton Putman**
**Supervising U.S. Probation Officer**

**Defendant's Address:**
Allison Stegall
1344 Bellshire Terrace Dr.
Nashville, TN 37207