PROB 12C
(Rev. 2011)

# United States District Court
for
Middle District of Tennessee
4th Supplemental Petition for Warrant or Summons
for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 379 ]

Name of Offender: Allison Stegall        Case Number: 3:03-00027-01

Name of Sentencing Judicial Officer: Honorable Aleta A. Trauger, U.S. District Judge

Date of Original Sentence: November 18, 2004

Original Offense: 18 U.S.C. § 1201, Kidnaping for Purpose of Assault and 18 U.S.C.§ 2 , Aiding and Abetting.

Original Sentence: 168 months' custody, followed by 5 years' supervised release.

Type of Supervision: Supervised Release        Date Supervision Commenced: June 17, 2011

Assistant U.S. Attorney: Brent Hannafan        Defense Attorney: Caryll Alpert

## PETITIONING THE COURT

☐ To issue a Summons.
☐ To issue a Warrant.
■ To Consider Additional Violation / Information.

## THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ Other consider additional violations at hearing.

Considered this 16th day of April, 2014, and made a part of the records in the above case.

_Honorable Aleta A. Trauger_
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_Lisa A. Capps_
Sr. U.S. Probation Officer

Place   Columbia, TN

Date    April 16, 2014

## ALLEGED VIOLATIONS

**The information provided in the previous petition, filed as docket entry No. 379, has been amended as follows:**

**Violation No. 3 has been supplemented detailing the offender's restitution payments. Violation No. 6 has been added detailing the offender's positive urine screen on March 10, 2014. Violation No. 7 has been added detailing a new charge for Driving on a Suspended License. Violation No. 8 has been added regarding the offender's failure to notify the probation officer of law enforcement contact.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall participate in a program of drug testing at the direction of the Probation Officer:**

Mr. Stegall failed to report for random urine screens at the U.S. Probation Office, Nashville, Tennessee, on January 17, 2013; February 26, 2013; April 3, 2013; April 8, 2013, and October 3, 2013.

Mr. Stegall was re-instructed as to the conditions of his release, specifically regarding drug testing and not missing random urine screens.

2.   **The defendant shall participate in a program of inpatient or outpatient substance abuse counseling at the direction of the Probation Officer:**

Mr. Stegall has not attended substance abuse counseling at Centerstone, Madison, Tennessee, since January 4, 2013, and has been terminated for non-compliance.

Mr. Stegall had been participating in monthly individual counseling for both substance abuse and mental health issues at Centerstone, Madison, Tennessee; however, due to his failure to attend counseling since January 2013, he was terminated for non-compliance, effective May 2, 2013. Mr. Stegall mistakenly believed he had completed counseling, as evidenced in a telephone call with this officer on February 8, 2013. However, after talking with his counselor, it was determined he had not completed counseling, and this officer advised Mr. Stegall of that and directed him to make an appointment with Centerstone.

Mr. Stegall began attending group counseling at Centerstone again during October 2013. He attended two group sessions in October, and cancelled one. On December 4, 2013, Mr. Stegall left a voice mail message for this officer advising he was helping a friend move and would not be able to attend group counseling that day.

3.   **The defendant shall pay restitution to the victim identified in the presentence report in an amount totaling $1,000,300.40. Payments shall be submitted to the United States District Court Clerk's Office, Eighth Floor, 801 Broadway, Nashville, TN, 37203. Restitution is due immediately. If the defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be an unpaid balance when supervision commences, the**

> defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the defendant's gross monthly income. Pursuant to 18 U.S.C. § 3664 (k), the defendant shall notify the Court and United States Attorney of any material change in economic circumstances that might affect ability to pay:

Mr. Stegall failed to make restitution payments for the months of July 2012, September 2012, October 2012, November 2012, February 2013, March 2013, **August 2013, October 2013, November 2013, December 2013, and February 2014. He has a paid a total of $881.37.**

Mr. Stegall began receiving Social Security Disability income due to his medical condition in November 2011. He has been re-instructed that he is required to pay 10% of his disability income towards restitution every month.

**4.** **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

On June 7, 2013, Mr. Stegall submitted a urine screen that tested positive for cocaine. Mr. Stegall denied any use of cocaine. When questioned about the positive urine screen on June 7, 2013, Mr. Stegall denied using cocaine.

**5.** **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

Mr. Stegall submitted a urine screen on August 26, 2013, that tested positive for cocaine. When questioned about the positive, Mr. Stegall denied any use of the is substance. Mr. Stegall advised this officer that he has returned to Centerstone for substance abuse counseling.

**6.** **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

Mr. Stegall submitted a urine screen on March 10, 2014, that tested positive for cocaine. When questioned about the positive, Mr. Stegall admitted using the substance with friends while watching a basketball game.

**7.** **The defendant shall not commit another federal, state, or local crime:**

On April 8, 2014, this officer received information that Mr. Stegall had been cited by the Metropolitan Nashville Police Department (MNPD) for Driving on a Suspended License (SCE141151) on April 3, 2014. As the offender has not yet been booked on this charge, there is no information available detailing the offense.

**8.** **The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer:**

As of this date, Mr. Stegall has not notified the probation officer of his contact with MNPD on April 3, 2014.

### Compliance with Supervision Conditions and Prior Interventions:

On January 31, 2012, a 12A petition was submitted notifying the Court of Mr. Stegall's positive urine screen for benzodiazepines on December 23, 2011. It was recommended no action be taken at that time. Said petition was signed by Your Honor on February 3, 2012.

On July 5, 2012, a second 12A petition was submitted notifying the Court of the offender's failure to pay restitution and a positive urine screen for cocaine. It was recommended no action be taken at that time. Said petition was signed by Your Honor on July 23, 2012.

On May 2, 2013, a 12C petition was submitted notifying the Court of the offender's failure to pay restitution, failure to attend substance abuse counseling, and failure to report for random urine screens. It was recommended a summons be issued. Said petition was signed by Your Honor on May 6, 2013, and a summons was issued.

On August 22, 2013, a supplemental petition was submitted notifying the Court of the offender's positive drug screen on June 7, 2013. It was recommended the new violation be considered at the final revocation hearing. Said petition was signed by Your Honor on August 22, 2013.

On September 19, 2013, a 2nd supplemental 12C petition was submitted notifying the Court of the offender's positive drug screen on August 26, 2013. It was recommended the new violation be considered at the final revocation hearing. Said petition was signed by Your Honor on September 22, 2013.

On October 3, 2013, a revocation hearing was held before Your Honor. After a short hearing, Your Honor agreed to reset the hearing for January 13, 2014, to allow Mr. Stegall more time to comply before considering whether to revoke his supervision.

**On January 7, 2014, a 3rd Supplemental petition was submitted notifying the Court of the offender's failure to report for a urine screen on October 3, 2013, failure to attend substance abuse counseling, and failure to pay restitution. It was recommended the new violations be considered at the final revocation hearing. Said petition was signed by Your Honor on January 7, 2013.**

**On January 13, 2014, a revocation was held before Your Honor, and the offender pled guilty to violations 1 - 5 of the petition. Your Honor found the violations were established and set the disposition hearing for April 25, 2014.**

Allison Stegall is a resident of Davidson County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since June 17, 2011. He is not employed, but receives Supplemental Security Income (SSI) in the amount of $543.00 per month. He lives with his girlfriend and her children in Nashville, Tennessee. The probation officer completes frequent unannounced home visits at the offender's residence.

### U.S. Probation Officer Recommendation:

**It is respectfully requested that the additional violations/information be considered at the revocation hearing which is scheduled for April 25, 2014. The U.S. Attorney's Office is agreeable with this recommendation.**

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. ALLISON STEGALL, CASE NO. 3:03-00027-01

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** PRE APRIL 30, 2003   VCCA PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 5 years (Class A Felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months U.S.S.G. § 7B1.4(a) | none |
| **SUPERVISED RELEASE:** | 5 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 2-5 years less any term of imprisonment U.S.S.G.§ 5D1.2(a)(1) | none |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection(d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release., 18 U.S.C. § 3583(g)(3). The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). Upon revocation of supervised release, the defendant faces imprisonment of up to five years, pursuant to 18 U.S.C. §3583(e)(3).

**Guideline Policy Statements:** The guidelines set out in Chapter 7 of the United States Sentencing Guideline Manual are advisory. The violations listed above are Grade C violations. Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

Lisa A. Capps
Sr. U.S. Probation Officer

Approved: Vidette Putman
Supervising U.S. Probation Officer